# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JAMES M. FLINN,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 3:08-CV-218<br>(Phillips) |
| JOHN K. BLACKWOOD, et al.,<br>    Defendants. | )<br>)<br>) | |

## MEMORANDUM AND ORDER

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights which occurred when officers arrested him on March 22, 2007. Defendants City of Rockwood, William Stinnett, Jason Halliburton, and William Andrew Corbitt move the court to dismiss the action against them because it is barred by the applicable statute of limitations. For the reasons which follow, the defendants' motions will be granted.

## Factual Background

This is the second lawsuit filed against the defendants by plaintiff alleging unlawful arrest/false imprisonment. The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, the Anderson County judge

1

revoked plaintiff's bond and issued an arrest warrant for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail reduction hearing was held and bond was set. Plaintiff was released from custody on October 27, 2006 after posting bond.

Plaintiff's amended complaint further states that on the afternoon of March 22, 2007, Agent Corbitt and officers Halliburton, Stinnett, and others arrested plaintiff using "the second void capias reissued by the Anderson County Circuit Court Clerk for the second time in six months. Petitioner was taken to the Anderson County Jail." Defendants William Stinnett and Jason Halliburton are officers with the City of Rockwood Police Department. Defendant William Andrew Corbitt is a Special Agent of the Tennessee Bureau of Investigation.

## **Standard of Review**

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe

2

the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## **Analysis**

These defendants assert that plaintiff's claims against them are barred by the applicable statute of limitations. The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Thus, plaintiff must bring his § 1983 unlawful arrest/false imprisonment claims against these defendants within one year of the accrual of that action. The statute of limitations begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato,* 127 S.Ct. 1091 (2007).

Plaintiff's complaint states that he was arrested by these defendants pursuant to a capias (legal process) on March 22, 2007. Defendants aver plaintiff's unlawful arrest claim accrued on that date; therefore, plaintiff has one year from that date to file his unlawful arrest/false imprisonment claim against these defendants. Since, plaintiff's

3

complaint was not filed until May 30, 2008, his claims are barred by the statute of limitations.

Alternatively, the court finds that these defendants are entitled to absolute and/or qualified immunity for their actions. Police officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for alleged search and seizure as long as the warrant does have some indicia of probable cause. *Yancy v. Carroll County, Ky.,* 876 F.2d 1238, 1243 (6th Cir. 1989); *Brittingham v. Abner*, 2005 WL 3454318 (E.D.Tenn. 2005). In cases where an officer is acting pursuant to a valid warrant and at the direction of a judge, "a plaintiff cannot show a violation of a clearly established right as required by § 1983. The act of enforcing the court order, in this case a [capias], is intrinsically associated with a judicial proceeding for which absolute immunity applies." *Id.* In this case, defendants relied on the judge's in-court ruling and the order and capias which issued as a result. Thus, they were acting at the direction of Judge Blackwood and are entitled to absolute immunity for their actions.

In addition, to the extent plaintiff is alleging an action against the City of Rockwood, Tennessee, plaintiff's complaint cannot withstand a motion to dismiss. Since the undisputed facts compel a finding that plaintiff has failed to state a claim against the officers, the City of Rockwood cannot be liable to the plaintiff under § 1983. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek,* 273 F.3d 682, 687 (6th Cir. 2001) (if no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983). Accordingly,

4

defendants' motions to dismiss [Docs. 8, 10] are **GRANTED**, whereby the City of Rockwood, William Stinnett, Jason Halliburton, and William Andrew Corbitt are **DISMISSED** as defendants in this action.

**IT IS SO ORDERED.**

                                        **ENTER:**

                                        s/ Thomas W. Phillips
                                        United States District Judge