UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES M. FLINN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-218 |
| ) | (Phillips) |
| JOHN K. BLACKWOOD, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights which occurred when officers arrested him on March 22, 2007. The court has issued memoranda and orders dismissing the following defendants from this action: Darline Loy, Barry Pelizzari, Attorney General David Clark, Judge Jon K. Blackwood, R. Alexander Brown, City of Rockwood, William Stinnett, in his official capacity, Jason Halliburton, in his official capacity, and William Andrew Corbitt, in his official capacity [See Docs. 35, 36]. By order entered June 12, 2009, the court ordered plaintiff to show cause why Andrew Corbitt, Jason Halliburton and William Stinnett, should not be dismissed in their individual capacities. Plaintiff has failed to respond to the court's show cause order, and pursuant to LR7.2, the court will deem plaintiff's failure to respond as a waiver of any opposition to the dismissal of these defendants from this action.

1

## Factual Background

This is the second lawsuit filed against the defendants by plaintiff alleging unlawful arrest/false imprisonment. The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, the Anderson County judge revoked plaintiff's bond and issued an arrest warrant for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail reduction hearing was held and bond was set. Plaintiff was released from custody on October 27, 2006 after posting bond.

Plaintiff's amended complaint further states that on the afternoon of March 22, 2007, Agent Corbitt and officers Halliburton, Stinnett, and others arrested plaintiff using "the second void capias reissued by the Anderson County Circuit Court Clerk for the second time in six months. Petitioner was taken to the Anderson County Jail." Defendants William Stinnett and Jason Halliburton are officers with the City of Rockwood Police Department. Defendant William Andrew Corbitt is a Special Agent of the Tennessee Bureau of Investigation.

## Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff,

2

accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## **Analysis**

The court finds that plaintiff's claims against defendants Corbitt, Halliburton and Stinnett, in their individual capacities, are barred by the applicable statute of limitations. The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Thus, plaintiff must bring his § 1983 unlawful arrest/false imprisonment claims against these defendants within one year of the accrual of that action.

3

The statute of limitations begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato,* 127 S.Ct. 1091 (2007).

Plaintiff's complaint states that he was arrested by these defendants pursuant to a capias (legal process) on March 22, 2007. The court finds that plaintiff's unlawful arrest claim accrued on that date; therefore, plaintiff has one year from that date to file his unlawful arrest/false imprisonment claim against these defendants. Since, plaintiff's complaint was not filed until May 30, 2008, his claims are barred by the statute of limitations. Accordingly, defendants William Stinnett, in his individual capacity, Jason Halliburton, in his individual capacity, and William Andrew Corbitt, in his individual capacity, are **DISMISSED** as defendants in this action.

**IT IS SO ORDERED.**

ENTER:

    s/ Thomas W. Phillips
United States District Judge

4